SO ORDERED: April 25, 2008.



_____
**Anthony J. Metz III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GERALD CHARLES HUMMEL, JR., ) | BANKRUPTCY CASE NO. 07-07203-AJM-7A |
| SSN: xxx-xx-8235, ) | CHAPTER 7 PROCEEDING |
| ) | |
| Debtor. ) | |
| ) | |
| **********************************) | |
| ) | |
| MIDWESTERN ELECTRIC, INC., ) | |
| an Indiana for-profit domestic ) | |
| corporation, in its own right and as ) | |
| assignee of certain rights of the ) | |
| Indianapolis Power & Light Company, ) | ADVERSARY PROCEEDING 07-50595 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GERALD C. HUMMEL, JR., ) | |
| ) | **JUDGMENT BY DEFAULT AGAINST** |
| Defendant/Debtor. ) | **GERALD C. HUMMEL, JR.** |

Page 1 of 8

Default was entered against defendant/debtor, Gerald C. Hummel, Jr. (hereinafter "Debtor"), in this matter on March 27, 2008. The Plaintiff, Midwestern Electric, Inc. (hereinafter "Midwestern"), has requested entry of judgment by default, and this matter came before the Court on April 25, 2008 for hearing to prove-up damages, costs, and attorney fees with respect to the claims of Midwestern. The Court, having considered Midwestern's Verified Motion for Default Against Defendant/Debtor Gerald C. Hummel, Jr. (hereinafter "Motion for Default"), having heard the testimony of witnesses and evidence presented at this hearing on damages on the Motion for Default, being duly advised by Midwestern that the Debtor is not in the military service, and it further appearing from the record that the Debtor is not an infant or incompetent person; therefore, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, now enters judgment against the Debtor in favor of the plaintiff, Midwestern, and the Court further finds as follows:

1. Debtor is the debtor under the Chapter 7 case of the Bankruptcy Code that was filed and that was pending in this Court as Case No. 07-07203-AJM-7A entitled "In Re Gerald Charles, Hummel, Jr." An order of Discharge of Debtor was entered in those proceedings on November 14, 2007, while this adversary proceeding remained pending.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b)(1), and S.D.Ind.L.R. 83.8.

3. This adversary proceeding is brought by Midwestern, as a creditor of the Debtor, to determine the amount and non-dischargeability of debts owed by Debtor to Midwestern arising from the Debtor's theft, conversion, and misappropriation of Midwestern's property, and constitutes a "core" proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (I).

4. Venue of this matter is in this Court pursuant to 28 U.S.C. § 1409(a).

5. On March 27, 2008, this Court entered an order in this adversary proceeding holding the Debtor to be in default for failing to file a proper answer in this adversary proceeding, and set this matter for a prove-up hearing as to damages, costs, and attorney fees with respect to the claims of Midwestern against the Debtor for April 25, 2008 at 1:30 p.m   Due and proper notice of this hearing has been given to the Debtor and Midwestern.  Midwestern has appeared and presented to the Court evidence of its damages herein, including testimony of witnesses and submission of exhibits and affidavits, and the Debtor has failed to appear either in person or by counsel to contest or dispute any of such evidence.

6. Based upon the Debtor's default, all of the allegations of the Complaint of Creditor Midwestern Electric, Inc. to Determine Dischargeability of Certain Debts (hereinafter "Midwestern's Complaint") filed in this adversary proceeding are admitted pursuant to Fed. R. Civ. Proc. Rules 8(d) and 55 as made applicable by Bankruptcy Rules 7008 and 7055, and Midwestern is entitled to the relief as alleged and prayed for against Debtor in Midwestern's Complaint filed in this adversary proceeding.

7. Until July 23, 3004, Debtor was an employee of Midwestern, and during such time the Debtor intentionally and knowingly stole, converted and exercised unauthorized control over various items of electrical fixtures and materials that Midwestern owned.  The Debtor knowingly, and with the intent to deprive Midwestern of the value of such property, used and transferred such property without Midwestern's consent or knowledge, and for the pecuniary gain of the Debtor and a business that Debtor operated under the name "Hummel Construction Services" in the course of performing construction work with third parties, including the City of Greenfield, Indiana.  The electrical fixtures and materials of Midwestern that the Debtor stole,

converted and over which Debtor exercised unauthorized control had a value of at least $33,037.00 at the time they were taken from Midwestern by the Debtor.

      8.  Until July 23, 3004, Debtor was a supervisor and managerial employee of Midwestern having oversight and control over the disposition of labor and services of other Midwestern employees and their use of Midwestern's construction equipment, and during such time the Debtor knowingly and intentionally converted and exercised unauthorized control over various labor and services of Midwestern's other employees and directed the use of equipment of Midwestern, for which employees' labor Midwestern paid wages, benefits and taxes, and for which equipment Midwestern paid costs of maintenance and operation.  The Debtor knowingly, and with the intent to deprive Midwestern of the value of such labor, service and equipment, used such labor, service and equipment without Midwestern's consent or knowledge, and for the pecuniary gain of the Debtor and Debtor's business "Hummel Construction Services" in the course of performing construction work with third parties, including the City of Greenfield, Indiana.  The labor, services and equipment of Midwestern that the Debtor stole, converted and over which Debtor exercised unauthorized control had a value of at least $19,456.00 at the time they were taken from Midwestern by the Debtor.

      9.  While a supervisory and managerial employee of Midwestern, the Debtor knowingly, and with the intent to deprive Midwestern of the value of payments made to the Debtor, stole and obtained by false pretense the disbursement of funds from Midwestern by making representations to Midwestern that said Debtor knew were false to induce Midwestern to pay Debtor and/or his business "Hummel Construction Services" for materials that Debtor and/or his business was allegedly selling to Midwestern, when in fact no materials were actually being transferred to Midwestern, or in some instances the materials Debtor was purportedly selling to

Midwestern were materials that were previously stolen from Midwestern, including, the following payments that Midwestern paid to the Debtor or Debtor's business:

| Exhibit No. | Check Date | Check Amount | Check No. | Description |
|---|---|---|---|---|
| A-1 | 4/20/2000 | $340.00 | 4248 | 400w fixtures |
| A-2 | 7/30/2000 | $1,400.00 | 4355 | Service Points, 4x Enclosures |
| A-3 | 2/13/2001 | $2,107.99 | 4621 | Nema 4 Panels & Enclosures |
| A-4 | 3/23/2001 | $200.00 | 4664 | 150w fixtures |
| A-5 | 4/30/2001 | $360.00 | 4710 | 1000w starters |
| A-6 | 5/23/2001 | $198.00 | 4731 | Vandal Shields |
| A-7 | 8/16/2001 | $400.00 | 4818 | Alum Enclosure Boxes |
| A-8 | 9/10/2001 | $3,200.00 | 4840 | 400w & 250w fixtures |
| A-9 | 11/19/2001 | $1,875.00 | 24353 | T-Bases, Breakaway couplings, w/skirts |
| A-10 | 12/6/2001 | $440.00 | 24372 | Nema 4 Panels & Enclosures |
| A-11 | 1/4/2002 | $530.00 | 24400 | Ignitors, plug & receptacle |
| A-12 | 1/10/2002 | $197.00 | 24409 | 1000w starters |
| A-13 | 3/15/2002 | $1,110.00 | 24462 | T-Bases |
| A-14 | 11/1/2002 | $850.00 | 24762 | T-Bases |
| A-15 | 11/22/2002 | $600.00 | 24777 | Hadco Light Fixtures |
| A-16 | 2/27/2003 | $1,200.00 | 29643 | T-Bases |
| A-17 | 3/10/2004 | $1,000.00 | 33127 | 400w fixtures |
| | TOTAL: | $16,007.99 | | |

10. The Debtor, as a supervisor and managerial employee of Midwestern, had access to the facilities and property of Midwestern's customer, Indianapolis Power and Light Company (hereinafter "IPLC"), and while in the employ of Midwestern, the Debtor stole, converted and exercised unauthorized control over various items of equipment and materials owned by IPLC. The Debtor knowingly and with the intent to deprive IPLC of the value of such property used and transferred such property of IPLC without the consent or knowledge of either IPLC or Midwestern for the pecuniary gain of the Debtor and Debtor's business "Hummel Construction Services" in the course of performing construction work with third parties, including the City of Greenfield, Indiana. Midwestern in December, 2004 paid the sum of $45,000.00 to IPLC to reimburse IPLC for the loss of property that the Debtor took from IPLC while in the employ of Midwestern. IPLC assigned to Midwestern the claims of IPLC against the Debtor arising from the Debtor's theft, conversion and exercise of unauthorized control over IPLC's property, which

claims have a value of at least $45,000.00, the amount paid by Midwestern to reimburse IPLC for the property taken by the Debtor.

11. The Debtor's conduct and actions in knowingly taking property of Midwestern with the intent to deprive Midwestern of the value of such property, including converting and exercising unauthorized control over electrical equipment and materials of Midwestern, using the labor and services of Midwestern's employees for the benefit of Debtor and Debtor's business operations, and obtaining the payment and retaining of funds from Midwestern under false pretenses, are sufficient to establish violations of the provisions of Indiana Code §35-43-4-2 (Theft) and Indiana Code §35-43-4-3 (Conversion).

12. The Debtor's conduct and actions in knowingly taking property of IPLC with the intent to deprive IPLC of the value of such property, including converting and exercising unauthorized control over electrical equipment and materials of IPLC for the benefit of Debtor and Debtor's business operations, are sufficient to establish violations of the provisions of Indiana Code §35-43-4-2 (Theft) and Indiana Code §35-43-4-3 (Conversion).

13. As a result of Debtor's actions in stealing, converting and exercising unauthorized over property of Midwestern and IPLC, Midwestern has incurred actual pecuniary losses and damages totaling $113,500.99, and because Debtor's actions in such regard violated provisions of Indiana Code §35-43, Midwestern is entitled pursuant to Indiana Code §34-24-3-1 to recover from the Debtor an amount equal to three times Midwestern's actual pecuniary losses and damages, which treble damage amount computes to $340,502.97, plus costs and reasonable attorney's fees incurred by Midwestern in this action.

14. Midwestern incurred in regard to its pursuit of claims against the Debtor reasonable attorney fees and costs in the amount of $44,314.03, which amounts are recoverable

against the Debtor in this matter and are awarded to Midwestern as part of its claim under this Judgment.

15. As a result of Debtor's actions in stealing, converting and exercising unauthorized over property of Midwestern and IPLC, Midwestern has a valid debt and claim against the Debtor for Midwestern's actual pecuniary losses and damages, treble damages and attorneys fees and costs all totaling to $384,817.00, and shall have and recover judgment against the Debtor in this amount.

16. This debt of the Debtor which is herein found to be owing to Midwestern in the amount of $384,817.00 is a debt that is the result of actions of the Debtor in stealing, converting, and obtaining money, property and services from Midwestern by false pretenses, false representations, fraud, defalcation while acting in a fiduciary capacity, embezzlement, larceny, and willful and malicious injury by the Debtor to property of Midwestern, which is nondischargeable under the provisions of §523(a)(2)(A), §523(a)(4) and §523(a)(6) of the Bankruptcy Code.

17. As part of a resolution of a criminal prosecution in regard to the theft, conversion and exercise of unauthorized control of property of Midwestern, the Debtor on April 13, 2005 delivered a Cashier's Check No. 059048 issued by Greenfield Banking Company to Midwestern in the amount of $18,769.71, which Midwestern has not cashed to date. Midwestern should be authorized to deposit said cashier's check and apply funds collected thereby to the debt adjudicated herein as owing from the Debtor to Midwestern. These funds of $18,769.71 to the extent collected by Midwestern shall be a partial credit against the debt adjudicated herein as owing from Debtor to Midwestern, and shall be applied to the payment of costs and attorneys fees awarded to Midwestern under this Judgment.

IT IS THEREFORE, ORDERED, ADJUDGED AND DETERMINED that the Plaintiff, Midwestern Electric, Inc. has a valid claim, and shall have and recover judgment for damages against the Defendant/Debtor, Gerald C. Hummel, Jr., in the amount of $384,817.00; and that this claim and the full amount of the judgment awarded to Midwestern Electric, Inc. herein is nondischargeable under §523(a)(2)(A), §523(a)(4) and §523(a)(6) of Title 11, United States Code (the Bankruptcy Code), and is exempt from the effect of the order of Discharge of Debtor granted under §727 of Title 11, United States Code (the Bankruptcy Code) entered on November 14, 2007 in the Debtor's Bankruptcy Case No. 07-07203-AJM-&A.

IT IS FURTHER ORDERED that the Plaintiff, Midwestern Electric, Inc., is authorized to deposit a Cashier's Check No. 059048 issued by Greenfield Banking Company in the amount of $18,769.71, and to apply any amounts collected upon such Cashier's Check against the amount of attorneys fees and costs awarded to Plaintiff under this Judgment of Default, and to enter a partial satisfaction of this Judgment of Default for the amount of funds actually collected upon the deposit of such cashier's check.

IT IS SO ORDERED.

###

Prepared By:
Stephen M. Maish
Maish & Mysliwy, Attorneys at Law
53 Muenich Court
Hammond, Indiana  46320
Tel:  (219) 931-4477
Fax:  (219) 931-4481
E-Mail:  maishmys@aol.com


**Distribution:**
Stephen M. Maish, Counsel for Plaintiff
Gerald Charles Hummel, Jr., Defendant/Debtor
Nancy J. Gargula, United States Attorney